

**FILED**
May 30, 2024 04:40 PM
SX-2016-CV-00655
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| PATRICIA SCHRADER-COOKE,<br><br>Plaintiff,<br><br>vs.<br><br>MARY MOORHEAD and V.I. BOARD OF EDUCATION,<br><br>Defendants. | CIVIL NO. SX-2016-CV-00655<br><br>ACTION FOR DEFAMATION<br><br>2024 VI SUPER 22U |

## MEMORANDUM OPINION AND ORDER

¶ 1    THIS MATTER is before the Court on Defendant V.I. Board of Education's ("BOE" or "the Board") Motion for Summary Judgment, or, Alternatively, to Dismiss for Lack of Subject Matter Jurisdiction, Pursuant to V.I. R. Civ. P. 56 and 12(b)(1) ("Motion"), filed November 15, 2021; Plaintiff's Opposition, filed January 17, 2022; and Defendant BOE's Reply, filed January 24, 2022.

¶ 2    By Memorandum Opinion and Order entered December 9, 2019, the claims of Plaintiff's May 23, 2017 First Amended Complaint ("FAC"), deemed filed February 28, 2017, were dismissed with prejudice, with the exception of that set forth in "Count VI – Defamation and Slander – as to Moorhead," alleging that Moorhead's March 23, 2016 published statements made on a radio talk show stated a claim for defamation.[1] The Order indicated that the case would proceed against Moorhead alone, "the Government Defendants having been dismissed."[2]

---

[1] Plaintiff's FAC in eight counts alleged violation of due process, breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations (two counts against individual Defendants), defamation and slander (against Defendant Mary Moorhead), intentional infliction of emotional distress, and negligence *per se* (seeking injunctive relief regarding violations of 24 V.I.C. § 451(a)) against Defendants Government of the Virgin Islands, Board of Education, Mary Moorhead, Judy Gomez, Winona Hendricks, La Verne Slack, and Arah Lockhart, individually and in their capacity as Board members.

[2] By the same Opinion and Order, the Court denied Defendant Mary Moorhead's Motion to Dismiss (treated as a motion for summary judgment pursuant to V.I. R. Civ. P. 56(h) presenting matters outside the pleadings) regarding the defamation claim against Moorhead individually.

¶ 3 The July 23, 2020 Final Pretrial Conference was converted to a Status Conference, as jury trials were suspended during the global pandemic. Addressed at that conference, among other things, was Plaintiff's Motion for Clarification, filed on January 23, 2020, claiming that Count VI of the FAC presented a claim against Moorhead in both her individual and official capacities. The Court advised that the Order dismissing BOE, permitting Plaintiff's defamation claim against Moorhead to proceed alone, was predicated on a plain reading of Count VI of the FAC that presented a defamation claim only against Moorhead individually.

¶ 4 Subsequently, with her October 22, 2020 Motion for Relief from Orders, Plaintiff submitted a copy of her June 10, 2016 Notice of Intention to File Tort Claim, filed pursuant to the Virgin Islands Tort Claims Act ("VITCA") (33 V.I.C. §§ 3401-3417), that included, inter alia, her claim that "[o]n March 23, [2016,] VIBOE through the Chair Mary Moorhead defamed my character by making false and disparaging remarks impugning my integrity and character on a local talk show." Thereafter, in its November 2, 2020 Opposition, in Part, to Plaintiff's Motion for Relief from Orders, BOE acknowledged that its original dispositive motion had not addressed Plaintiff's defamation claim, and that it did not, therefore, oppose the Court allowing that claim to proceed against Moorhead in both her personal and official capacities.

¶ 5 On the basis of the foregoing, including the parties' filings, the Court "clarifies" that it accepts Count VI of the FAC as presenting Plaintiff's claims against Moorhead as alleging liability both personally and in her official capacity as Chair of BOE. It is with this procedural history that Defendant BOE's Motion is considered. No motion is presented seeking disposition of the claim against Moorhead individually.

¶ 6 In its Motion, BOE asserts that there is no material dispute that the alleged defamatory statements of Moorhead were made outside the scope of her employment. As such, they fall outside the Government's limited waiver of sovereign immunity set forth in the VITCA. Alternatively, BOE argues that dismissal or summary judgment is appropriate, as the alleged defamatory statements constitute protected speech that cannot as a matter of law be considered actionable defamation. For the reasons that follow, BOE's Motion will be granted, judgment will enter in favor of BOE and against Plaintiff on Count VI of the FAC, and Plaintiff's claim of defamation against Defendant BOE will be dismissed with prejudice.

## BACKGROUND

¶ 7     The factual background herein is well known to the parties and was set forth in detail in the December 9, 2019 Memorandum Opinion (2019 VI SUPER 167) granting the Government Defendants' Motion for Summary Judgment and denying Defendant Moorhead's Motion to Dismiss. The factual background will not be repeated here except as relating to the allegations against BOE set out in Count VI of the FAC. With its Motion, BOE presents its Statement of Material Facts ("SOF"), some of which are supported by accompanying exhibits. Plaintiff's Opposition does not include, in a separate section or otherwise, any substantive response addressing each of the facts upon which BOE has relied. To the extent the facts set out in the SOF have not been controverted or challenged by Plaintiff, the Court considers those facts undisputed for purposes of the Motion. *See* V.I. R. CIV. P. 56(c)(2)(B) and (e)(2).

¶ 8     Prior to Moorhead's ascension to BOE Chair, BOE hired Plaintiff Schrader-Cooke as Associate Executive Director and Acting Executive Director. SOF ¶ 1, Exh. 1. Defendant Moorhead was elected as Board Chair in January 2016. Through Moorhead, by letter of February 5, 2016, BOE suspended Plaintiff for seven days for her unauthorized approval of a Notice of Personnel Action to reclassify a fellow BOE employee from exempt service to classified service, failing to inform and obtain prior BOE approval - actions deemed to be a breach of the "Board's confidence . . . to execute your tasks with honesty and worthy of the trust required of your office." SOF ¶¶ 2-3, Exh. 2.[3]

¶ 9     On March 23, 2016, Defendant Moorhead appeared on the local radio talk show *In Session*, hosted by her nephew, Robert Moorhead, and made the statements about BOE and Plaintiff giving rise to the defamation claims set forth in Count VI of the FAC. Motion, Exh. 6, Dep. of Mary Moorhead at 36:19-25 – 37:1-11. Schrader-Cooke alleges that Defendant Moorhead stated that Plaintiff: "engaged in a 'breach of trust and violation of her authority;'" "approved a request for a change of classification for the Business and Finance Director from exempt to classified;" "engaged in 'unethical actions' and 'unethical business actions;'" "improperly cancelled the

---

[3] Injunctive relief was granted by temporary restraining order nullifying Moorhead's election and subsequent BOE actions in *Sekou, et. al. v. Moorhead, et. al.*, Case No. SX-2016-CV-00071. Following dissolution of the TRO, the Board reconvened, and Moorhead was again elected chair, and all BOE actions that had been taken through Moorhead from January 16 – February 19, 2016 were ratified by the Board on April 1, 2016. SOF ¶¶ 4-6.

contract of the regular cleaning company and tried to hire its employee;" "was 'using the Board as her personal subsidy,' (such activity would constitute a crime under 14 V.I.C. § 895)." FAC ¶ 88.

¶ 10    As the record included no recording or transcript or verbatim account of Moorhead's alleged defamatory statements, by Order entered November 15, 2019, the Court required that Plaintiff "deliver to Defendant Moorhead, with copy to the Court, a written transcription or verbatim account of the specific actual words of Defendant Moorhead allegedly constituting defamatory statements made on the March 23, 2016 radio talk show referenced in ¶ 88 of the First Amended Complaint." By Notice of Filing, filed January 9, 2020, Plaintiff submitted portions of a verbatim transcript of the March 23, 2016 radio program, setting out "the defamatory language of Defendant Mary Moorhead," consisting of several different statements.[4]

## LEGAL STANDARD

¶ 11    A party may move for dismissal under V.I. R. CIV. P. 12(b)(1) if the Court lacks subject matter jurisdiction, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." V.I. R. CIV. P. 12(h)(3). The plaintiff "always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Lynch v. Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 25, at *2 (V.I. Super. Ct. Feb. 20, 2018) (internal citations omitted). "Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute." *Brunn v. Dowdye*, 59 V.I. 899, 904 (V.I. 2013) (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)).

---

[4] Plaintiff's Notice included Exhibit A, "identifying by underlining and highlighting the defamatory language of Defendant Mary Moorhead contained in the transcript of the March 23, 2016 radio program." Exhibit A tracks in part the allegations of FAC ¶ 88, and includes highlighted language as follows: "And the reason for the suspension was because of a breach of trust and violation of their authority."; "- to change the classification of the Finance Director from Exempt to Classified . . . and the Acting Executive Committee, who approved the request . . ."; ". . . but when you have directors who you can't trust to do the best thing in the interest of the Board . . ."; ". . . one last fact-finding is the unethical action of the Acting Executive Director . . . what we have come to learn is that she canceled the company's contract and then tried to hire the worker for the company to come do the cleaning. Now, tell me if that is not unethical? . . . the unethical action of the Acting Director . . ."; "these particular people who want to make the Board their personal business and subsidy for their employment."; "you have people who are callus [sic], indifferent, greedy, and selfish, and simply want to use the Government for their own benefit."

¶ 12    A Rule 12(b)(1) motion to dismiss may challenge the facial allegations of the complaint, arguing that they are insufficient to establish subject matter jurisdiction. On review of a facial challenge, the allegations of the complaint are presumed to be true. Where a defendant denies the complaint's allegations and raises a factual challenge to a court's jurisdiction to hear a matter, the plaintiff's allegations are not presumed to be true, and the court must evaluate the merits of the jurisdictional claims based on the evidence each party presents to determine its own jurisdiction. *See Williams v. Juan F. Luis Hosp.*, 2019 VI SUPER 54U, ¶¶ 4-5 (V.I. Super. Ct. 2019).

¶ 13    In the alternative, BOE asserts that if the Court determines that it does have jurisdiction to hear the matter, BOE is entitled to summary judgment pursuant to Rule 56(a). BOE claims that there are no disputed genuine issues of material fact and BOE is entitled to judgment as the statements in issue are not defamatory as a matter of law. *See Basic Servs., Inc. v. Gov't of the V.I.*, 71 V.I. 652, 658 (V.I. 2019).

¶ 14    The burden is on the moving party to demonstrate that there are no genuine issues of material fact in dispute. *Martin v. Martin*, 54 V.I. 379, 391 (V.I. 2010). Then, the burden shifts to the non-moving party who may not rest upon allegations but must present actual evidence showing a genuine issue from which a jury might reasonably return a verdict in its favor. *Rymer v. Kmart Corp.*, 68 V.I. 571, 576 (V.I. 2018).

## ANALYSIS

¶ 15    The Superior Court is bound by jurisprudence of the U.S. Court of Appeals for the Third Circuit holding that a claimant's failure to comply with procedural prerequisites of the VITCA deprives the reviewing court of subject matter jurisdiction. *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984).[5] BOE's Motion does not allege that Plaintiff failed to comply with jurisdictional prefiling procedures. Rather, BOE claims that because Moorhead was not acting within the scope of her employment or the BOE office when she published the allegedly

---

[5] The Supreme Court of the Virgin Islands has to date not addressed that issue, and has held that "in the context of decisions the Third Circuit rendered while serving as the de facto court of last resort in the Virgin Islands," those decisions "are binding upon the Superior Court even if they would only represent persuasive authority when this [C]ourt considers an issue." *Najawicz v. People*, 58 V.I. 315, 327-28 (V.I. 2013) (citing *In re People of the V.I.*, 51 V.I. 374, 389 n.9 (V.I. 2009)).

defamatory statements, the Court lacks jurisdiction as beyond the scope of actions for which the Government of the Virgin Islands has waived sovereign immunity.[6]

¶ 16    BOE does not claim that the Court must dismiss the action on the basis that the facial allegations of the Complaint fail to establish subject matter jurisdiction. Because the Motion and Plaintiff's Opposition rely on evidence outside the pleadings, the Court analyzes the Motion as a factual attack to its jurisdiction under Rule 12(b)(1). *See Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, 2018 V.I. LEXIS 87, *6 (V.I. Super. Ct. June 22, 2018). By its factual challenge arguing that the Court lacks power to hear the case, the Court nevertheless must weigh the record evidence presented by each side to determine whether it may exercise jurisdiction. *Williams v. Juan F. Luis Hosp.*, 2019 VI SUPER 54U, ¶ 5 (V.I. Super. Ct. 2019) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

¶ 17    Specifically, VITCA provides that the Government of the Virgin Islands has waived immunity and agreed to assume liability for personal injury caused by the negligent or wrongful act or omission of an employee of the Government "while acting within the scope of his office or employment." 33 V.I.C. § 3408(a). As an elected member of BOE, a governing board of the Government of the Virgin Islands, Moorhead is undisputedly an employee of the Government of the Virgin Islands for purposes of VITCA. *See* 33 V.I.C. § 3401. Accordingly, BOE's immunity waiver applies with respect to Moorhead's alleged defamation only if those statements were made while Moorhead was acting within the scope of her office or BOE employment.

¶ 18    In determining the scope of employment issue, the Supreme Court of the Virgin Islands has favorably cited the persuasive authority of the Restatement (Third) of Agency, noting that "[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Brunn v. Dowdye*, 59 V.I. at 907 (quoting RESTATEMENT (THIRD) OF AGENCY § 7.07(2)).

---

[6] "Although the Virgin Islands is not a sovereign entity in the same manner as a state, Congress has provided that 'no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature.' Revised Organic Act of 1954, § 2(b); 48 U.S.C. § 1541. The Virgin Islands Legislature later waived this grant of immunity to the extent set forth in the VITCA." *Brunn v. Dowdye*, 59 V.I. at 902, n.1.

¶ 19    The comments to Section 7.07 explain:

> If an employee's tortious conduct is unrelated either to work assigned by the employer or to a course of conduct that is subject to the employer's control, the conduct is outside the scope of employment. If an employee undertakes a course of work-related conduct for the sole purpose of furthering the employee's interests or those of a third party, the employee's conduct will often lie beyond the employer's effective control.
>
> ....
>
> An independent course of conduct represents a departure from, not an escalation of, conduct involved in performing assigned work or other conduct that an employer permits or controls. When an employee commits a tort with the sole intention of furthering the employee's own purposes, and not any purpose of the employer, it is neither fair nor true-to-life to characterize the employee's action as that of a representative of the employer. The employee's intention severs the basis for treating the employee's act as that of the employer in the employee's interaction with the third party.

RESTATEMENT (THIRD) OF AGENCY § 7.07 cmt. b.

¶ 20    The question of whether an employee's actions were within the scope of employment is typically a question of fact. However, "it becomes a question of law . . . when the facts are undisputed." *Brunn v. Dowdye*, 59 V.I. at 905 (citation omitted). In *Brunn*, the Supreme Court held that "an intentional, premeditated murder is inherently outside the scope of Dowdye's employment as a police officer," and affirmed the trial court's holding that "Dowdye's intentional murder of James was outside the scope of his employment as a matter of law and dismissing Brunn's claim against the Government based on *respondeat superior*." *Id.* at 906, n.7, 907.

¶ 21    To address the issue of the scope of Moorhead's employment as BOE Board Chair, the starting point is the Virgin Islands Code provisions defining official actions and authorized business of the Virgin Islands Board of Education.

> The quorum of the Board shall be a majority of its members. No official action may be taken by the Board unless at a regular meeting, or a meeting called by the Chairman or by the members of the Board at which a quorum is present by affirmative vote of a majority of its members present.

3 V.I.C. § 97(h).

> The business which the Board is authorized to transact shall be done at regular or special meetings at which not less than five members are present, and no act shall be valid unless voted for by an affirmative vote of a majority of the members present, and a true record made of such votes.

3 V.I.C. § 98(b).

¶ 22    Moorhead's statements of which Plaintiff complains were not "official action" or authorized business transactions of a majority of the Board pursuant to 3 V.I.C. §§ 97(h) or 98(b). Yet, Plaintiff claims that Moorhead's statements were within the scope of her employment, arguing that after the fact, BOE failed "to condemn Mary Moorhead" or disavow her unauthorized statements. Without citation to authority, Plaintiff argues that BOE's silence amounts to acquiescence and ratification of Moorhead's statements and shows "that Mary Moorhead was doing exactly what the Board wanted her to do, i.e. performing within the scope of her employment as a Board member, and was furthering the Board's agenda." Opposition, at 2-3.

¶ 23    Plaintiff further claims that "[t]he *raison d'etre* for Mary Moorhead's radio appearance was the Virgin Islands Board of Education." *Id.* at 3. Moorhead used the term "'we,' concerning matters surrounding the Board's defense against the TRO," such that "[i]t is undeniable that Moorhead spoke in defense of the Board" and "in furtherance of the interest of the Board." *Id.* at 3-4.

¶ 24    Plaintiff's claims that Moorhead spoke in defense of the Board regarding the prior action for injunctive relief are, at best, ill-informed. The Verified Complaint in Case No. SX-2016-CV-00071 was initiated by then BOE Chair Nandi Sekou and two other members of the Board, "as Members of the Virgin Islands Board of Education and on behalf of the Virgin Islands Board of Education." The action was brought against Mary Moorhead and four other Board members, seeking declaratory judgment and injunctive relief for violations of statutory law and BOE Bylaws. As such, Moorhead's comments relating to the TRO action and the use of the term "we" were not "in defense of the Board" nor in furtherance BOE's interests with respect to that action but were rather made in defending herself from allegations brought "on behalf of the Board."

¶ 25    Moorhead prefaced her statements on the talk show with the disclaimer: "I wanted to make it clear that even though on the 18[th] the election was redone and I was elected chair of the board, I am not here appearing as chair of the board. I'm here appearing on my own, simply as a Member." Motion, at 14, Exh. 9, Radio Tr. at 4:17-25 – 5:1-7.

¶ 26    Moorhead claims that the purpose of the radio program interview was to defend herself and to discuss "her personal views on a myriad of issues unrelated to the Board." Motion, at 18, Exh. 10 at 59:1-14; 60: 4-25; 61: 1-6; 62-73. This characterization of Moorhead's appearance and

the totality of the presented evidence on the purpose and the substance of her comments weigh in favor of a finding that her conduct was independent and not in furtherance of BOE's interest.

¶27    The transcript of the radio program provides context to Moorhead's statements:

> And, if I may, I would like to first give some background personally, because I am a St. Croix District elected Member of the Virgin Islands Board of Education, and I wanted to make it clear that even though on the 18th, the election was redone, and I was elected Chair of the Board, I am not here appearing as Chair of the Board. I'm here appearing on my own, simply as a Member, speaking to the TRO, because even though we gave the news medias [sic] the information to answer to the allegations in the TRO, none of it was ever printed. And it is important that the Public knows exactly what the facts are.
>
> Now, I want to make it clear, too, everyone out there should be remembering that ever since I got elected in January -- sorry -- November of 2012, sworn in January of 2013, one of my campaign promises was to always be transparent and to report to the Public, and I want to remind the Public that I have been doing that. I am the only Member on the Board who have, yes, been writing reports and having them published in the newspapers.
>
> So in keeping with that sense of transparency, that is why it was important for me -- and I am very much appreciative to be here today -- to give the facts to the allegations in the TRO that was filed against Gomez, Hendricks, Lockart, Slack, and myself.
>
> But I must make sure it is understood that they will notice, to anyone who read the TRO, that I was really singled out other than the other four.

Motion, Exh. 9, Radio Tr. at 4:20-25 – 5:1-25.

¶28    While 3 V.I.C. §§ 97(h) and 98(b) describe official BOE actions and the transaction of authorized BOE business, the Code is silent as to whether actions taken by an individual member, or by the Board Chair, outside such meetings may constitute actions of the Board. Former BOE Chair Nandi Sekou testified in deposition regarding her understanding of public statements made on behalf of BOE:

> Q:    Can Board members just go out unilaterally and make public statements?
> A:    No. That is very clear. And the reason why I'm so familiar with that is because we have discussed that over and over, because we've had members who would go out and speak on behalf of the Board, and so it was very, very clear that the chairperson is the person who speaks on behalf of the Board based on resolutions or motions that the Board has passed.
>
> If the chair goes out and speaks on behalf of the Board, then they need to make it clear that they are speaking as an individual.

> So the chairperson does act as a spokesperson for the Board, as well as the executive director can act as a spokesperson for the Board, but that is based on matters that the Board has agreed upon that should be shared with public.

Motion, at 15-16, Exh. 11, Dep. of Nandi Sekou at 31:7-24.

¶ 29   Based upon the weight of the evidentiary record, there are no disputed facts to be resolved at trial. Moorhead's talk show comments were made without Board direction or authorization. BOE did not have advance notice of Moorhead's appearance or of statements made during the program. Moorhead did not seek approval from the Board before making her statements, and BOE members had approved no resolution authorizing Moorhead's statements. Motion, at 16, Exh. 14, BOE's Response to Request for Admissions; Exh. 12, Dep. of Mary Moorhead at 74:25 - 75:1-7; Exh. 15, Dep. of Judy Gomez at 61:7-10. Plaintiff's claim that BOE's failure after the fact "to condemn Mary Moorhead" constituted acquiescence reflecting that Moorhead had acted in the interest of the Board is unsupported and unpersuasive. Rather, Moorhead's comments constituted "an independent course of conduct not intended by the employee to serve any purpose of the employer," and therefore were "not within the scope of employment" of Moorhead at BOE. RESTATEMENT (THIRD) OF AGENCY § 7.07(2).

¶ 30   Because Moorhead's statements were outside the scope of her employment with BOE, the Government of the Virgin Islands is immune from suit as to the negligent or wrongful acts of Moorhead and this Court is without jurisdiction under the VITCA to hear Plaintiff's claims.[7]

---

[7] The Supreme Court of the Virgin Islands has not yet determined whether a finding that an employee's negligent or wrongful acts are outside the scope of her employment, deprives this Court of jurisdiction to hear Plaintiff's claim against BOE under the VITCA.

> Although courts have historically characterized statutes that codify waivers of sovereign immunity as jurisdictional, to date this Court has not used jurisdictional language to describe the VITCA or similar statutes. . . . Moreover, both this Court and the Supreme Court of the United States have recognized in recent years that the term "jurisdictional" has often been misused, and that many provisions — even in statutes — that have previously been described as jurisdictional are claims-processing rules subject to waiver, or simply elements of the underlying cause of action. . . . Thus, whether the scope of employment provision found in section 3408(a) of title 33 constitutes a jurisdictional limit on the Superior Court's authority remains an unresolved question. Nevertheless, . . . we need not resolve it in this appeal because the ultimate result would be the same . . . .

*Brunn v. Dowdye*, 59 V.I. at 905, n.6 (citations omitted). Similarly, here, if the Court were to exercise jurisdiction and address the merits of Plaintiff's *respondeat superior* defamation claim against BOE, the result would be the same. Because Moorhead's statements cannot be attributed to BOE, BOE would be entitled to summary judgment dismissing Plaintiff's claim.

¶ 31    BOE's Motion also asserts that Moorhead's statements "are not actionable as defamation" as a matter of law. Motion, at 19. A claim for defamation must show:

> "a false and defamatory statement concerning another"; "an unprivileged publication to a third party"; "fault amounting at least to negligence on the part of the publisher"; and "either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."

*Simpson v. Andrew L. Capdeville, P.C.*, 64 V.I. 477, 485 (V.I. 2016) (quoting *Joseph v. Daily News Publ'g Co.*, 57 V.I. 566, 585-87 (V.I. 2012)).

¶ 32    A thorough analysis of Plaintiff's defamation claim was undertaken in the December 19, 2019 Memorandum Opinion wherein Moorhead's Motion to Dismiss that claim was denied. Here, because that the Court finds that it lacks jurisdiction over Plaintiff's *respondeat superior* claim against BOE for those same statements, the Court need not address the issue of whether Moorhead's statements constituted defamation or were protected speech.

¶ 33    In light of the foregoing, it is hereby

ORDERED that Defendant BOE's Motion is GRANTED and Plaintiff's defamation claim against Defendant BOE in Count VI of the FAC is DISMISSED with prejudice.

SO ORDERED this _30_ day of May, 2024.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____

Court Clerk II
May 31, 2024

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
May 31, 2024 12:39 PM
SX-2016-CV-00655
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### District of St. Croix

**PATRICIA SCHRADER-COOKE,**
            **Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS et al,**
          **Defendant.**

Case Number: **SX-2016-CV-00655**
Action: **Breach Of Contract & Damages**

## NOTICE of ENTRY
of
## Order

**To:** Peter J. Lynch, Esq.

Venetia H. Velazquez, Esq.

Raymond T James, Esq.
Jeffrey B.C. Moorhead, Esq.
Ariel Smith, Esq.

**Please take notice that on May 31, 2024**
**a(n)**       **Memorandum Opinion and Order**
**dated**    **May 30, 2024**    **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**   **May 31, 2024**

**Tamara Charles**

**Clerk of the Court**

By:



**Brianna Primus**
**Court Clerk II**